1   **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8

9   Transwestern Pipeline Company, LLC, a)      No. CV-07-2392-PHX-LOA
    Delaware limited liability company,    )
10                                         )      **ORDER**
                 Plaintiff,                )
11                                         )
    vs.                                    )
12                                         )
                                           )
13  7.54 acres, more or less, of permanent )
    easement located in Maricopa County; et)
14  al.,                                   )
                                           )
15               Defendants.               )
                                           )
16  _____

17          This case was recently randomly reassigned to the undersigned pending full

18  consent by all parties in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. §

19  636(c). (docket # 55 - 56)

20          A review of the file indicates that this condemnation Complaint was filed on

21  November 29, 2007 wherein Plaintiff seeks to condemn Defendants' property under the

22  Natural Gas Act[1] for use in the construction, maintenance, and operation of a natural gas

23  pipeline pursuant to a Certificate of Public Convenience and Necessity ("Certificate") issued

24  by the Federal Energy Regulatory Commission ("FERC") on November 15, 2007. (docket

25  # 1) The majority of all counsels' and Judge Sedwick's focus and efforts to date have been

26  on Plaintiff's various motions for preliminary injunctions in the 130 or so cases in which

27  _____

28          [1] 115 U.S.C. § 717f(h).

1  Plaintiff sought to obtain immediately possession of numerous properties located in Yavapai,

2  Maricopa and Pinal Counties pending a later determination of just compensation for the

3  taking of such properties.  Plaintiff requested  preliminary injunctions "allowing it to enter

4  the defendant properties being condemned to construct the approximately 260-mile

5  expansion of its existing interstate natural gas pipeline" in accordance with the Certificate

6  approved by FERC. After exercising his discretion pursuant to Fed. R. Civ. P. 42(a) to

7  consolidate all of the Ryley Carlock and Aronson cases for purposes of deciding **immediate**

8  **possession only** and conducting a two and a half day evidentiary hearing, Judge Sedwick

9  denied Transwestern's Renewed Motion for Preliminary Injunction Permitting Immediate

10  Entry and Use of the Defendant Properties and Renewed Motion for Immediate Access and

11  Possession in each of the cases listed in the caption of Judge Sedwick's April 17, 2008 order.

12  (docket # 41 at 37 in CV-07-2301; minute entry # 55 herein)

13           Plaintiff is not likely seeking Ninth Circuit relief from Judge Sedwick's April

14  17, 2008 order via interlocutory appeal, especially in light of the parties' Stipulation and

15  Joint Motion for Order Permitting Immediate Entry and Use of Defendants' Property.

16  (docket # 50 and # 51) On June 5, 2008, Judge Sedwick issued a minute order regarding a

17  Rule 16(b) scheduling conference when the parties informally consented to magistrate judge

18  jurisdiction. (docket # 15)  It appears that a Rule 16(b) scheduling conference is now in

19  order.

20           On the Court's own motion,

21           **IT IS ORDERED**:

22           (1) designating this a standard track case pursuant to LRCiv 16.2(b)(3).

23           (2) that a scheduling conference is hereby set pursuant to Rule 16(b),

24  F.R.Civ.P., before the undersigned on **Friday, August 15, 2008, at 3:00 p.m.** in the

25  undersigned's chambers, Suite 322, Third Floor, Sandra Day O'Connor United States

26  Courthouse, 401 West Washington Street, Phoenix, AZ.  Lead counsel for each party shall

27  be physically present and shall have his/her client's authority to enter into binding

28

stipulations and make admissions regarding all matters which may be discussed. Rule 16(c), FED.R.CIV.P.

Parties are directed to meet **at least ten (10) days** before the conference, in accordance with Rule 26(f), F.R.Civ.P., to discuss the following matters:

A.  Any matters relating to jurisdiction or venue or the joinder of additional parties;

B.  The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

C.  A schedule of all pretrial proceedings;

D.  Modification of pretrial procedures due to the simplicity or complexity of the case;

E.  Any other matters which counsel believe may help dispose of the matter in an efficient manner.

F.  Counsel shall file with the Court by **5:00 p.m. on or before Monday, August 11, 2008**, a proposed **Joint Case Management Report**, reflecting the results of counsels' meeting and outlining their discovery plan.  The report shall include individually numbered brief statements indicating:

1.  The nature of the case:  the factual and legal basis of plaintiff's claims and defendants' defenses.

2.  The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions.

3.  The federal jurisdictional basis of the case citing specific statutes.

4.  The parties, if any, that have not been served.

5.  Whether there are dispositive or partially dispositive issues to be decided by pretrial motions.

6. The status of related cases pending before other Judges of this District Court or before the Ninth Circuit Court of Appeals.

7.  Suggested changes, if any, in the limitations on discovery imposed by Rule 26(b)(2), F.R.Civ.P., to minimize the expense of discovery.

8.  A statement of whether initial disclosures were made or will be made, or any proposed changes in the requirements for initial disclosures set forth in Rule 26(a), F.R.Civ.P.

9.  Proposed deadlines for:

(a)  filing motions to amend pleadings and motions to join additional parties;

(b)  disclosure of expert testimony under Rule 26(a)(2)(C), F.R.Civ.P.;

(c)  completing discovery;

(d)  filing dispositive motions; and

(e)  filing a pretrial statement

(f)  suggested date(s) for the final pretrial conference and trial.

10.  Estimated length of trial.

11.  Whether a jury trial has been requested.

12.  The prospects for settlement.  Does any party wish to have a settlement conference before this or another Magistrate Judge?  How can settlement efforts be assisted?

13.  Any unusual, difficult, or complex problems affecting the conduct of the case.

14.  Any other matters which counsel believe will aid in expediting the disposition of this matter more quickly.

After the conference and pursuant to Rule 16(b), FED.R.CIV.P., the Court will enter orders limiting the time within which counsel may file pretrial motions, complete discovery, and file dispositive motions.  The Court's order shall control the course of this action unless modified by subsequent order. Counsel are forewarned that the Rule 16 deadlines it will set at the Rule 16(b) scheduling conference are real and the Court intends to enforce the deadlines set forth in its scheduling order. Counsel should plan their litigation activities accordingly. *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006 WL 2573201 *1

(D. Ariz. 2006); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994) ("[F]ederal Rule of Civil Procedure 16 is to be taken seriously.").

**IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of the possibility of settlement and should settlement be reached, the parties shall immediately file a Notice of Settlement with the Clerk of the Court with a copy to this Court's chambers. LRCiv 40.2(d). This Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

The Rule 16(b) scheduling conference may be vacated upon chamber's timely receipt of a Stipulation for Dismissal of this action signed by all counsel of record.

**IT IS FURTHER ORDERED** that counsel and any unrepresented party shall use the following number and initials on all pleadings and documents filed herein until further order of the Court: No. CV-07-2392-PHX-LOA.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona, as amended on December 1, 2007. The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found at www.uscourts.gov/rules/.

DATED this 28th day of July, 2008.

Lawrence O. Anderson
United States Magistrate Judge

- 5 -